UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>     Plaintiff and Respondent,<br>v.<br>CHARLES HEARD,<br>     Defendant and Petitioner. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER DENYING GOVERNMENT'S DISCOVERY REQUEST**<br><br>Re: 2588 |
|---|---|

Defendant Charles Heard filed a habeas petition to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, asserting, among other things, ineffective assistance of trial and appellate counsel. Motion to Vacate Under 28 U.S.C. § 2255 ("Habeas Petition") [Dkt. No. 2581]. On February 23, 2024, I ordered the government to respond to Heard's petition. Dkt. No. 2585. It did not. Instead, it filed a motion seeking discovery into his attorney-client privileged materials. *See* U.S. Motion for Discovery of Attorney Client Communications and Work Product ("Discovery Motion") [Dkt. No. 2588]. The government's motion is DENIED without prejudice, and it is ORDERED to answer Heard's petition within fifteen days.

## BACKGROUND

Heard was charged with and convicted of RICO conspiracy (18 U.S.C. § 1962(d)), VICAR murder (18 U.S.C. § 1959), and Use of a Firearm in VICAR Murder (18 U.S.C. § 924(j)). On June 8, 2018, I sentenced him to life imprisonment without the possibility of parole. He appealed his conviction; the Ninth Circuit affirmed my decision and the United States Supreme Court denied certiorari. *United States v. Heard*, No. 18-10218, 2022 WL 2662882, at *7 (9th Cir. July 11, 2022), *cert. denied*, 143 S. Ct. 840 (2023).

Heard petitioned for federal habeas relief claiming, among other things, that his trial and

appellate counsel were prejudicially ineffective in failing to raise meritorious legal arguments or objections. *See* Habeas Petition; *see also* Opposition to United States' Discovery Motion ("Oppo.") [Dkt. No. 2591]. Rather than answer the petition, the government moved for discovery into communications between Heard and his trial and appellate counsel, as well as discovery into attorney work product, and requested a stay of the briefing schedule. *See* Discovery Motion. Heard opposes the discovery motion as both premature and overbroad.

## DISCUSSION

### A. The Government is Required to Answer Heard's Petition

The rules governing federal habeas petitions provide that the respondent is not required to answer the petition unless a judge so orders. *See* Rules Governing Section 2254 and 2255 Cases, Rule 5 (The Answer and the Reply). If a judge does so, as I already did, Rule 5 provides that the answer "must address the allegations in the petition . . . [and] it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." *Id.*

The government has yet to answer Heard's petition. I ORDER that it do so within 15 days. If I ultimately allow discovery, and there is good cause thereafter to amend the answer, I would allow the government to do so. But it must answer first.

### B. The Government Will Need To Justify the Scope of the Discovery Sought

The answer will help me determine whether and to what extent to allow discovery. Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery. *Campbell v. Blodgett,* 982 F.2d 1356, 1358 (9th Cir. 1993) ("[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." (citing *Harris v. Nelson,* 394 U.S. 286, 296, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). It is available "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") Rule 6(a); *see Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997)

The basis for the government's motion is Heard's ineffective assistance of counsel claims.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). This rule "applies equally to the work product privilege, a complementary rule that protects many of the same interests." *Id*. at 722, n.6. However, the waiver is not without limit. "[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale [of this rule] only supports a waiver broad enough to serve that purpose." *Id.* at 720.

Assuming that Heard maintains his ineffective assistance claim after he receives the government's answer,[1] and that the government refiles its discovery motion, the government will doubtless be entitled to discovery into some of Heard's privileged communications with his legal team but it will have to justify the scope of that discovery. *See Bittaker*, 331 F.3d at 716; *see* Habeas Rules, Rule 6(b). Heard will only be required to reveal information "for which [the government] [has] shown a true need and without which [it] may be unfairly prejudiced in [its] defense." *Id.* at 720-21 (quoting *Greater Newburyport Clamshell Alliance v. Pub. Serv. Co.*, 838 F.2d 13, 22 (1st Cir. 1988)).

In the pending motion, the government asks that I order production from trial counsel, counsel on appeal, and Heard himself, of "all notes, reports, memoranda, emails, voice messages, text messages, and other documents" relating to: (1) counsel's understanding of VICAR motive and preparation for and litigation of jury instructions; (2) trial counsel's perception of the government's closing arguments and whether to object; (3) trial counsel's understanding of

---

[1] Heard says in his opposition that he does not yet know whether he will maintain his ineffective assistance claims because he has not seen the government's answer to his habeas petition. Opposition to Discovery Motion ("Oppo.") [Dkt. No. 2591] 2:23-3:7. Apparently, what the government includes in its answer may affect how Heard wishes to proceed with his claims, which would in turn inform how the government would be allowed to proceed through discovery. Heard says he does not intend to remove his ineffective assistance claims, which are "mostly an excuse for any procedural default." Oppo. 2-3. But he also says that it is "at least possible . . . that [he] would choose to remove one or more of his ineffective assistance claims depending on the government's Answer . . . and more importantly, this Court's determination on the default issues." *Id.*

Pinkerton liability and preparation for and litigation of jury instructions; (4) the issue of a bounty for Isaiah Turner and the admission of evidence regarding a bounty; (5) the identification of Charles Heard as the shooter of Richard Barrett and the possibility of a Brady claim regarding that identification; and (6) the claims raised in the Section 2255 petition, including whether they were identified or raised in prior proceedings before this Court or on appeal. *See* Discovery Motion 3 (enumerating discovery requests).[2]  This may well be overbroad.[3]

After the government answers, I direct counsel to meet and confer regarding the appropriate scope of the waiver of the privilege and the documents to which the government is entitled as a result. If no agreement is reached, the government may renew its motion for discovery and justify the need for production of the requested items.

## CONCLUSION

The government must answer the petition within fifteen days. Its motion for discovery is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 11, 2024



William H. Orrick
United States District Judge

---

[2] The government also asks that I order trial counsel and appellate counsel to appear for depositions regarding Heard's ineffective assistance of counsel claims. *Id.*

[3] The government requests that I issue a protective order that would limit the use of the privileged materials when I grant its motion. While I would of course do so, such an order is not a justification for overbroad requests for production.

4